# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

MARTINOUS MOORE                                                              PETITIONER

v.                                   NO. 5:13CV00331 BSM/HDY

RAY HOBBS, Director of the                                                   RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

In 2007, petitioner Martinous Moore ("Moore") was convicted in Pulaski County, Arkansas, Circuit Court of capital murder and aggravated robbery and sentenced to the custody of respondent Ray Hobbs ("Hobbs") for life without parole and a concurrent term of 480 months. Moore prosecuted an unsuccessful appeal of his convictions, see Moore v. State, 372 Ark. 579, 279 S.W.3d 69 (2008), and the state trial court denied his subsequent petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 because the petition was untimely.

In 2009, Moore challenged his 2007 convictions by filing his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Moore v. Norris, 5:09CV00036 BSM. United States District Judge Brian S. Miller denied the petition with prejudice, though, and dismissed the case.

Moore challenged his 2007 convictions a second time by filing the petition at bar pursuant to 28 U.S.C. 2254. Hobbs responded to the petition by filing the pending motion to dismiss. See Document 8. In the motion, he maintained that the petition should be dismissed because it is Moore's second petition, and he has neither sought nor obtained permission from the Court of Appeals to file the petition. Moore has now responded to Hobbs' motion. Moore acknowledges that the petition at bar is his second petition but maintains it should be considered because it contains new claims. Alternatively, he asks that his petition be transferred to the Court of Appeals for its consideration.

The petition at bar is, as Moore acknowledges, his second petition pursuant to 28 U.S.C. 2254. The permission, or pre-authorization, of the Court of Appeals is required before the petition can be considered, see 28 U.S.C. 2244(b), and he has not obtained the requisite pre-authorization to file his petition.[1]

Moore nevertheless maintains that his petition should be considered without pre-authorization because it contains new claims. The undersigned finds that it should not be considered for at least two reasons. First, the undersigned is not convinced that the claims are new. Moore knew or should have known of the basis for his claims by no later than the conclusion of his trial. Second, assuming that the claims are new, "[e]ven new claims based on new evidence cannot be raised in a second or successive habeas petition without pre-authorization from the apposite federal appellate court." See Caroon v. Hammer, 2013 WL 5359559 at 3 (D.Minn. 2013) [citing Tompkins v. Secretary, Department of Corrections, 557 F.3d 1257, 1260 (11th Cir. 2009); Crawford v. Minnesota, 698 F.3d 1086 (8th Cir. 2012)].

Moore maintains that the United States Supreme Court decision in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), supports the consideration of his petition. The undersigned disagrees. Martinez v. Ryan goes to questions of procedural default, not the propriety of considering second petitions.

---

[1] The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Moore alternatively asks that his petition be transferred to the Court of Appeals for its consideration. Although his request is not unheard of, see Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006) (Wilson, J.), his request should be denied because he has not offered a good reason for transferring his petition.

Accordingly, the undersigned recommends that Hobbs' motion be granted, see Document 8, and Moore's petition be dismissed without prejudice; it should not be transferred to the Court of Appeals. The undersigned additionally recommends that all requested relief be denied; judgment be entered for Hobbs; and a certificate of appealability be denied.

DATED this ___29___ day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE